UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 11/26/18

JENNIFER COLLINS,

    Plaintiff,

-against-

CHRISTOPHER ROCKEFELLER LINDSTROM,

    Defendant.

No. 18 Civ. 6696 (CM)

### DECISION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND DENYING DEFENDANT'S MOTION FOR SANCTIONS

McMahon, C.J.:

Defendant Christopher Rockefeller Lindstrom's motion to dismiss and motion for sanctions and other costs, pursuant to Dkt. Nos. 13 and 28, respectively, are presently before the Court.

A brief recitation of the procedural posture of this case is necessary to understanding these motions.

On July 26, 2018, Plaintiff Jennifer Collins brought this action against three defendants – Christopher Rockefeller Lindstrom, the Giving Back Fund, Inc. and Nexus Global. Plaintiff alleged (*i*) defamation against Lindstrom (Count 1); (*ii*) intentional infliction of emotional distress against all three defendants (Count 2); and (*iii*) a violation of Section 504 of the Rehabilitation Act, pursuant to 29 U.S.C. § 701 *et seq.*, against Nexus Global and the Giving Back Fund, Inc. (Count 3).

On August 10, 2018, the parties filed a stipulation of voluntary dismissal, discontinuing the action as against Defendants Giving Back Fund and Nexus Global (hereinafter referred to as the "Dismissed Defendants"), but not as against Defendant Christopher Rockefeller Lindstrom. (Dkt. No. 12). The docket sheet indicates that the Clerk's Office staff reviewed the stipulation and concluded that it needed judicial approval, in that it was not filed pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii). (*See* Dkt. No. 12 and unnumbered entry immediately thereafter).[1] The original stipulation was not judicially approved.

On September 21, 2018, the parties to the stipulation re-filed it. (*See* Dkt. No. 25.) The stipulation of dismissal provided that Plaintiff would re-file a new case as against the Dismissed Defendants if the parties failed to execute a settlement agreement by September 1, 2018 – a date that had passed three weeks before the second stipulation was filed. The Court, relying on the fact that the parties had filed the stipulation, assumed that settlement negotiations were ongoing and signed it.[2] The action, therefore, was discontinued as against the Dismissed Defendants on September 21, 2018.

Apparently, the parties did not settle, and, as contemplated by the stipulation of partial dismissal, Plaintiff filed a new action against the Dismissed Defendants on September 26, 2018. The new complaint alleged intentional infliction of emotional distress and a violation of Section

---

[1] I have recently learned that our Clerk's Office takes the position that court approval is required in cases where a stipulation of voluntary dismissal will only effect a partial dismissal of the case, because such stipulations are rarely signed by the party who is not being dismissed, and the literal terms of Rule 41(a)(1)(A)(ii) require that a stipulation of voluntary dismissal be "signed by all parties who have appeared," whether they are being dismissed out or not. That is undoubtedly why most partial voluntary discontinuances are accomplished by the plaintiff's filing a notice of voluntary discontinuance pursuant to Rule 41(a)(1)(A)(i), which does not require any judicial approval, even if the notice only effects a partial dismissal of the case. The stipulation tendered by the Plaintiff and the Dismissed Defendants was not signed by Lindstrom, who had no part in it; ergo, the Clerk concluded that I had to endorse it.

[2] Indeed, for all I knew, the parties had in fact signed their settlement agreement on or before September 1.

504 of the Rehabilitation Act. *See Collins v. NEXUS Global et al.*, No. 18 Civ. 8812. This Court accepted the newly-filed action as a related case (hereinafter referred to as the "Related Action").

Lindstrom is not a party to the Related Action. Plaintiff's claims against him are pending only in this case.

Before any of this happened, Lindstrom had filed a motion to dismiss this action as against him on August 13, 2018 (Dkt. No. 13). That motion was fully briefed by August 27, 2018. Lindstrom also filed a motion for sanctions on October 23, 2018 (Dkt. No. 28); that motion was fully briefed on November 21, 2018.

The motion to dismiss is granted; the motion for sanctions is denied.

## I. Defendant's Motion to Dismiss is Granted

While Lindstrom moved to dismiss the complaint, pursuant to Fed. R. Civ. P. 12(b)(6), for failure to state a claim upon which relief may be granted (*see* Dkt. Nos. 13–14, 20), counsel for Lindstrom represented in a letter to the Court that "one of the matters to be addressed [by his motion] is lack of subject matter jurisdiction based upon the sole federal claim being withdrawn by the Plaintiff[.]" (Dkt. No. 22.) A motion to dismiss for lack of subject-matter jurisdiction properly lies under Fed. R. Civ. P. 12(b)(1), not under Rule 12(b)(6).

Lindstrom is not correct that the Court lacks subject-matter jurisdiction. Subject-matter jurisdiction is determined at the time of filing; subsequent events are irrelevant to that determination. *See Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 570 (2004) (quoting *Mollan v. Torrance*, 22 U.S. 537, 539 (1824)). At the time of filing, this Court had subject-matter jurisdiction over all claims in this case, because a claim arising under federal law – the Section 504 claim against the dismissed Defendants, over which the Court had original

3

subject-matter jurisdiction, pursuant to 28 U.S.C. § 1331 – was "so related" to Plaintiff's remaining pendent claims. 28 U.S.C. § 1367.

That Plaintiff filed a stipulation of voluntary dismissal so as to discontinue the action against the Dismissed Defendants – thereby eliminating the Section 504 claim – does not *preclude* the Court from hearing the remaining claims in this action, because it has subject-matter jurisdiction over them. It does, however, leave the Court with the *discretion* to decline to exercise supplemental jurisdiction over those claims, pursuant to 28 U.S.C. § 1367(c)(3).

As a matter of the Court's discretion, Defendant's position prevails. The Court simply has no reason to keep this case.

Where, as here, federal claims are eliminated in the early stages of litigation, the Second Circuit has instructed that district courts generally should decline to exercise supplemental jurisdiction over remaining state law claims. *Klein & Co. Futures, Inc. v. Bd. of Trade of N.Y.*, 464 F.3d 255, 262 (2d Cir. 2006). Such a determination should be guided by values of judicial economy, convenience, fairness, and comity, *i.e.*, the "Cohill factors," as first articulated by the Supreme Court in *Carnegie-Mellon Univ. v. Cohill,* 484 U.S. 343, 350 (1988). *Klein*, 464 F.3d at 262.

The application of the Cohill factors to the case at bar strongly favors dismissal. This issue has arisen at the earliest stages of litigation, prior to the taking of any discovery and with very little investment of judicial resources. Given the posture of this case, declining jurisdiction does not substantially prejudice the parties. Nor does it work any great inconvenience, since, as the complaint pleads, both Plaintiff and Defendant are residents of the state of New York. (Compl. ¶¶ 11–12, Dkt. No. 1.) Plaintiff's remaining claims arise under state law and, thus, fairness and judicial comity counsel that they are better left to the considered judgment of New

York courts, whose judges are the "best arbiters of [its] state law." *Chenensky v. N.Y. Life Ins. Co.*, 942 F. Supp. 2d 388, 395 (S.D.N.Y. 2013). Finally, since neither party has moved in the Related Action to consolidate that case with this one, if the Court were to exercise supplemental jurisdiction here, it would cause both cases to proceed on separate tracks and would pose a danger of producing disparate results.

Accordingly, the Court hereby dismisses the complaint without prejudice to Plaintiff's bringing her state law claims against Lindstrom in the New York State Supreme Court.[3]

## II. Defendant's Motion for Sanctions and Attorney's Fees is Denied

Defendant asserts that "no legal or factual basis" supported Plaintiff's claims against Lindstrom. (Mem. of Law in Supp. of Mot. for Sanctions, at 2, Dkt. No. 28, Ex. 3.) Believing that those claims were brought solely as a device to harass his client, counsel for Lindstrom sent a letter to Plaintiff's counsel, dated August 14, 2018, warning him to voluntarily withdraw the claims asserted against Lindstrom or else suffer the present motion for sanctions and other costs, pursuant to Fed. R. Civ. P. 11. (Affirmation of Joseph F. Castiglione ("Castiglione Affirm."), Dkt. No. 28 Ex. 1.)

To the extent Defendant's Rule 11 motion is premised on the notion that the Court lacks subject-matter jurisdiction, that argument, as noted, is incorrect as a matter of law and, thus, entirely unpersuasive.

---

[3] Counsel in this case (who are obviously unfamiliar with federal litigation) should not have stipulated to the filing of an entirely new action. They should have stipulated that, if there were no settlement, the claims against the Dismissed Defendants could be reasserted within some fixed period of time. But they did not do that. Alternatively, when the settlement fell through, Plaintiff could have moved for leave to amend the pleading in this case to reassert the voluntarily dismissed claims – though her motion would have been subject to a futility argument, which a preliminary reading of the complaint in the Related Action suggests may well be meritorious. But she did not do that, either.

Defendant also alleges that Plaintiff's claims for defamation and intentional infliction of emotional distress were inadequately pleaded under Fed. R. Civ. P. 8.

Mindful of its need to proceed "with caution," *Knipe v. Skinner*, 19 F.3d 72, 78 (2d Cir. 1994), the Court declines to impose sanctions in this case. In this Circuit, Rule 11 sanctions are only warranted where the party demonstrates "a showing of objective unreasonableness on the part of the attorney or client signing the papers." *ATSI Commc'ns, Inc., v. Shaar Fund Ltd.*, 579 F.3d 143, 150 (2d Cir. 2009). The test under Rule 11 is not whether the complaint, taken as a whole, is non-frivolous, but rather, whether the claims, defenses, legal contentions, and factual contentions in any pleading are warranted under existing law and have evidentiary support.

Because the Court declines to exercise supplemental subject-matter jurisdiction, the Court has chosen not to address the sufficiency of the allegations in the complaint. It will not do so in connection with a sanctions motion. Indeed, it would be counter-intuitive to impose sanctions based on arguments that the Court is declining to consider on the merits.

## CONCLUSION

Defendant's motion to dismiss is GRANTED without prejudice. Defendant's motion for sanctions and other costs is DENIED. The Clerk of Court is respectfully directed to terminate Dkt. Nos. 13 and 28 and to close this case.

Dated: November 26, 2018

_____

Chief Judge

BY ECF TO ALL COUNSEL